UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------
In re:                                       )    CHAPTER 13
                                             )
EDMUND PANTANI,                              )    CASE NO. 06-31743 (ASD)
                                             )
            Debtor.                          )    RE: DOC. I.D. NOS. 9 & 21
---------------------------------------------------------------

## BRIEF MEMORANDUM OF DECISION ON
## AUTOMATIC STAY REQUESTS

The above-captioned matters are competing requests between the Debtor and a creditor, LoRicco Tower Condominium Association (hereafter, "LoRicco"), with respect to the automatic stay of Bankruptcy Code Section 362(a). LoRicco seeks relief from the automatic stay (hereafter, "LoRicco's Motion") to obtain possession of a certain parcel of condominium property formerly owned by the Debtor, known as and numbered 216 Crown Street, Unit 4A, New Haven, Connecticut (hereafter the "Condominium Unit") . The Debtor however, has filed a request (hereafter, the "Debtor's Request") seeking to extend the automatic stay under Section 362(c)(3)(B) to forestall LoRicco from taking possession of the Condominium Unit.

The following relevant factual background appears to be uncontested between the parties. On May 1, 2006, the Superior Court, Judicial District of New Haven, at New Haven, in an action entitled *LoRicco Tower Condominium Association v. Edmund Pantani, et al.*, Docket No. NNH-CV-05-4016276 S, granted LoRicco a judgment of strict foreclosure of a lien, with law days commencing on June 19, 2006. The Debtor failed to satisfy the judgment before his strict foreclosure law day passed. On June 21, 2006, title to the Condominium Unit became absolute in LoRicco. On August 1, 2006, the Superior Court

issued an Execution for Ejectment, authorizing the dispossession of the Debtor from the Condominium Unit.  On August 11, 2006, Debtor, *pro se*, filed a first Chapter 13 bankruptcy petition (Case No. 06-31326) (hereafter, the "First Chapter 13 Case").  On September 15, 2006, this Court dismissed the First Chapter 13 Case for failure to file Schedules, Statements and a Plan.  On September 26, 2006, the Superior Court issued another Execution for Ejectment; and the Debtor's commencement of the instant bankruptcy case through counsel followed on October 13, 2006.

On November 9, 2006, after due notice, a hearing was held before this Court on LoRicco's Motion and the Debtor's Request.  Given the Debtor's counsel's need to join a family member at the hospital, the Court received only oral argument of three minutes or less from each of the parties.  At that time, the Debtor requested a further evidentiary hearing, which was not objected to by LoRicco.  In light of the foregoing, this Court deems the November 9 hearing to have been a preliminary hearing on LoRicco's Motion and the Debtor's Request.

As to LoRicco's Motion, this Court finds and concludes that there is a reasonable likelihood that the Debtor's position will prevail at the conclusion of a final hearing on that Motion.  This determination is informed largely by this Court's agreement with the disposition and rationale of In re Fitzgerald, 255 B.R. 807 (Bank. D.Conn. 2000) (Weil, J.).  Accordingly, an order shall enter continuing the automatic stay as to LoRicco, pursuant to 362(e)(1), to the date of this Court's ruling on LoRicco's Motion following the final hearing thereon, and thereupon the Court shall consider a further continuation of the stay if consistent with that ruling.

As to the Debtor's Request, this Court finds that the current record supports the proposition that the instant case was filed in good faith as to LoRicco. Accordingly, an order shall enter extending the automatic stay as to LoRicco, pursuant to Section 362(c)(3)(B), to the date of this Court's ruling on LoRicco's Motion following the final hearing thereon, and thereupon the Court shall consider a further extension of the stay if consistent with that ruling.

Dated: November 16, 2006                                         BY THE COURT

*Albert S. Dabrowski*
Albert S. Dabrowski
Chief United States Bankruptcy Judge